Stephen Montoya (#011791)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Haahr, | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Ovations Food Service LP, doing business as Spectra Food Services and Hospitality, | (Jury Trial Demanded) |
| Defendant. | |

For her Complaint against Defendant, Plaintiff alleges the following:

1. This is an action seeking to redress discrimination based on disability in the workplace brought by Ms. Sherri Haahr against her former employer, Ovations Food Service LP, doing business as "Spectra Food Services and Hospitality," under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended by the ADA Amendments Act of 2008.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 1343(4) and 42 U.S.C. § 12101.

3. This Court has personal jurisdiction over the parties to this dispute because the misconduct alleged in this Complaint transpired in Maricopa, Arizona, and Ovations was doing business in Maricopa County, Arizona at all times material to this

Complaint.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 12101.

5. Sherri Haahr is a citizen of the United States of America residing in Pinal County, Arizona.

6. Ovations Food Service LP, doing business as "Spectra Food Services and Hospitality," is a limited partnership that did business in Maricopa County, Arizona at all times material to this Complaint.

7. Ovations has been engaged in an industry affecting interstate commerce, has employed at least fifteen employees at all times material to this Complaint and is consequently subject to the requirements of Title I of the Americans with Disabilities Act of 1990, as amended.

8. Ovations employed Ms. Haahr as a Human Resources Generalist at all times material to this Complaint.

9. Ms. Haahr's work performance at Ovations was satisfactory to excellent at all times material to this Complaint.

10. Ms. Haahr's suffers from a disability consisting of a medical condition that substantially limits her ability to engage in one or more essential life activities; for example, she is sometimes not able to recreate, perform manual tasks, concentrate or do common household chores.

11. Notwithstanding her disability, Ms. Haahr was qualified and able to do her job as a Human Resource Generalist with (and more often without) a reasonable accommodation.

12. On approximately December 19, 2016, Ms. Haahr requested a reasonable accommodation for her disability consisting of a brief leave of absence in accordance with Ovations' employee handbook.

13. Ms. Haahr also provided Ovations with a letter from her treating physician verifying that she required the leave due to a medical condition and that she would be fit to return to work on January 2, 2017 without any restrictions.

14. Ms. Haahr also asked Ovations' Human Resource Director if Ovations required any additional information regarding her request for leave.

15. Ms. Haahr also asked Ovations' Human Resource Director for more information regarding Ovations' leave policies.

16. Ovations refused to engage in the interactive process with Ms. Haahr by ignoring her request for a reasonable accommodation and her physician's letter supporting her request, in addition to ignoring her offers to provide additional information about her medical condition and her requests for more information regarding Spectra's leave policies.

17. Rendered temporarily unable to work because of her disability, Ms. Haahr did not report to work on December 21, 2016 in accordance with her doctor's letter.

18. Ovations' terminated Ms. Haahr's employment for purported "job abandonment" on December 21, 2016 without responding to her request for leave or for further information regarding leave.

19. Ovations' conduct as described above was intentional, malicious and in reckless disregard of Ms. Haahr's federally protected rights under the Americans with Disabilities Act.

20. Based upon Ovations' discriminatory misconduct, Ms. Haahr filed a timely Charge of Discrimination against Ovations with the United States Equal Employment Opportunity Commission ("EEOC") on January 12, 2016.  See attached Exhibit A.

21. During the course of the EEOC's investigation of Ms. Haahr's Charge of Discrimination, Ovations falsely informed the EEOC that it could not produce her personnel file with the company because it had been given to a third-party in the ordinary course of business.

22. Ovations' representation to the EEOC was false, because Ovations employed Ms. Haahr, and hence Ovations (not any third-party) was required to maintain and retain her personnel file.

23. Moreover, having worked in Ovations' Human Resource Department, Ms. Haahr

3

knew that Ovations retained the personnel files of its current and former employees at its corporate headquarters.

24. Ovations also made several other materially false statements to the EEOC regarding Ms. Haahr's requests for temporary leave.

25. After investigating Ms. Haahr's Charge, the EEOC determined that:

> On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge under the Americans with Disabilities Act of 1990, as amended (ADA). Respondent Spectra is an employer within the meaning of the ADA. All requirements for coverage have been met.
>
> Charging Party alleged that in December 2016, on advice from her physician she requested two weeks of leave as an accommodation for a disability. She alleges that this request was denied and that her employment was subsequently terminated on December 21, 2016.
>
> Respondent alleges that Charging Party could not perform the essential functions of her position and abandoned her job when she did not return to work by the date requested.
>
> Based on the evidence obtained during the investigation of this charge, I find there is reasonable cause to believe Respondent violated the ADA when it denied Charging Party's request for a reasonable accommodation for her disability and when it discharged her from employment.
>
> I further find reasonable cause to believe that Respondent violated the ADA when it failed to preserve records relevant to the Charge of Discrimination until final disposition of the Charge. See 29 CFR § 1602.12.
>
> The Commission makes no findings regarding any other allegation made in the charge.
>
> The determination is final. . . .

4

See attached Exhibit B.

26. After unsuccessfully engaging in conciliation, the United States Equal Employment Opportunity Commission issued Ms. Haahr a Right to Sue letter on May 25, 2021. See attached Exhibit C.

27. Ms. Haahr has initiated this civil action within ninety days of her receipt of the Right to Sue Letter from the EEOC.

28. Pursuant to Rule 38(b) of Federal Rules of Civil Procedure, Ms. Haahr hereby demands a trial by jury.

**WHEREFORE**, Ms. Haahr respectfully requests the Court to:

A. Issue a judgment declaring that the conduct of Defendant as described above violated her rights under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended by the ADA Amendments Act of 2008;

B. Issue preliminary and permanent injunctions against Defendant enjoining it from committing similar unlawful acts in the future;

C. Issue a judgment awarding her nominal, compensatory and punitive damages against Defendant in amounts to be determined by the finder-of-fact at trial;

D. Issue a judgment awarding her reasonable costs and attorney fees pursuant to 42 U.S.C. § 12205 and any other applicable law; and

E. Issue a judgment awarding her all other relief that is just and proper under the circumstances.

Respectfully submitted this 23rd day of August 2021.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

5

1  I hereby certify that on August 23, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing.

*/s/ Stephen Montoya*

6

# EXHIBIT A

REC'D EEOC
JAN 1 2 2017
PXDO

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 540-2017-00863 |

Arizona Attorney General's Office, Civil Rights Division                 and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Sherri Haahr | 520-709-0736 | 09/16/1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 325 Warner Street/P.O. Box 114 | Florence, AZ 85132 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Spectra |  | 1-800-WIN-GILA |

| Street Address | City, State and ZIP Code |
|---|---|
| 5350 N. 48th Street, Suite #238 | Chandler, AZ 85226 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12/9/16    Latest: 12/21/16
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On 12/16/16 I called in sick due to stress Ms. Lisa Ethelbah, HR Director has been causing the entire department since her tenure of 11/10/16. Ms. Ethelbah expected me to do the job of 3 HR Generalists in an eight (8) hour day. I advised her this is impossible, if this could be done, we wouldn't need the other 2 HR Generalists. On 12/19/16, I requested from Ms. Ethelbah the telephone # to our STD carrier (Sedgwick), which was never provided, I had to google the information. Ms. Ethelbah indicated I needed to request a personal leave of absence, which I did, she denied and indicated there was no other leave available, therefore, if I didn't report back to work at 8:00 a.m., on 12/21/16, I would be considered to have voluntarily resigned. I provided a doctor note indicating I was under his care and could report back to work on 1/2/17. I sent an email on 12/20/16 asking for a request for Disability Leave of Absence, per Spectra Handbook, page 62. Ms. Ethelbah indicated to me an email there was no other leave of absence available other than the personal leave of absence, which was untrue. I applied for the disability leave of absence, but was never given a reason why I was denied. I provided Ms. Ethelbah a copy of my doctor note placing me on a no work status from 12/16/16 – 01/02/17, she never asked for any other supporting documentation from my physician, which I could have requested from my physician if she had told me what she needed. I was separated on 12/21/16.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1/10/17    [signature]
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Status Line: (602) 640-5000
FAX (602) 640-5071
Website: www.eeoc.gov

Charge No. 540-2017-00863

Sherri Haahr                                         Charging Party
P.O. Box 114
Florence, AZ 85132


Spectra                                              Respondent
5350 N. 48th St.
Chandler, AZ 85226


## DETERMINATION

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge under the Americans with Disabilities Act of 1990, as amended (ADA). Respondent Spectra is an employer within the meaning of the ADA. All requirements for coverage have been met.

Charging Party alleged that in December 2016, on advice from her physician she requested two weeks of leave as an accommodation for a disability. She alleges that this request was denied and that her employment was subsequently terminated on December 21, 2016.

Respondent alleges that Charging Party could not perform the essential functions of her position and abandoned her job when she did not return to work by the date requested.

Based on the evidence obtained during the investigation of this charge, I find there is reasonable cause to believe Respondent violated the ADA when it denied Charging Party's request for a reasonable accommodation for her disability and when it discharged her from employment.

I further find reasonable cause to believe that Respondent violated the ADA when it failed to preserve records relevant to the Charge of Discrimination until final disposition of the Charge. See 29 CFR § 1602.12.

The Commission makes no findings regarding any other allegation made in the charge.

The determination is final. Title VII requires that, if the Commission determines that

there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the confidentiality provisions of Title VII and the Commission' s Procedural Regulations.

You are hereby reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commission's investigation is also prohibited. The protections apply regardless of the Commission's determination on the merits of the charge.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

A Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

June 8, 2020                                    _[signature]_ , for

_____                 _____
Date                                             Elizabeth Cadle
                                                 District Director

# EXHIBIT C

EEOC Form 161-A (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Sherri Haahr<br>P.O. Box 114<br>Florence, AZ 85132 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2017-00863 | **Marisol Bingochea,**<br>**Supervisory Investigator** | **(602) 661-0024** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*      May 25, 2021

**Elizabeth Cadle,**
**District Director**

*(Date Issued)*

Enclosures(s)

cc: | Director of<br>Human Resources<br>SPECTRA<br>5350 N. 48th St.<br>Chandler, AZ 85226 | Gary A. Husk<br>HUSK LAW<br>3200 N. Central Ave.<br>Suite 2550<br>Phoenix, AZ 85012 |